# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kenneth C. Warren,

      Plaintiff

v.

Cardoza Publishing Company and Avery Cardoza,

      Defendants

Case No.: 2:17-cv-01100-JAD-EJY

**Order Denying Motion to Amend and Motion for Reconsideration**

[ECF Nos. 115, 118]

     This case concerns several contracts for Cardoza Publishing Company to publish author Kenneth Warren's literary works in exchange for royalty payments. Among other claims, Warren contends that the publisher and its owner, Avery Cardoza (collectively "Cardoza"), infringed Warren's copyright by publishing his works after he terminated the contracts. Warren argued for the first time in his summary-judgment motion that Cardoza also infringed his copyright by publishing his works in electronic format (eBooks). I construed Cardoza's argument as a request for leave to amend his copyright-infringement claim to add that eBook theory of liability, and I granted him that relief.[1] I determined that Warren was entitled to summary judgment as to liability on that theory, so I granted him that relief, too.[2] But I denied Warren's summary-judgment motion in all other respects and ordered the parties to a mandatory settlement conference.[3] The parties failed to settle their differences, so this case was returned to the normal litigation track.[4] After I entered a pretrial order setting this case for trial on the

---

[1] ECF No. 95 at 2–5 (order on summary-judgment motion).

[2] *Id.* at 5–6.

[3] *Id.* at 8.

[4] ECF No. 97 (minutes of first settlement conference).

October 8, 2019, stack, the parties participated in a second settlement conference, but it wasn't fruitful.[5]

With trial four months away, Warren filed a motion seeking leave to file a first amended complaint expanding his claims to include all publication contracts between him and Cardoza and all editions that Cardoza purportedly published of his works.[6] The looming trial date also prompted Cardoza to file a motion to reconsider my nine-months old summary-judgment order.[7] Because neither side has met its burden to obtain the relief it seeks, I deny both motions.

## Discussion

### A.   Warren hasn't shown that his untimely motion to amend is the product of excusable neglect.

When Warren moved for leave to file a first-amended complaint, the deadline to amend pleadings was one year and eight months in the rearview mirror.[8] The local rules of this district provide that a request to extend any date set by the discovery plan that's "made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."[9] Warren hasn't made this required showing. It is difficult to discern how Warren could meet this standard—or even the lesser showing of good cause—because he acknowledges in his motion that he obtained the facts that he now seeks to amend his complaint with "[t]hrough the course of discovery[,]" which closed a

---

[5] ECF No. 119 (minutes of second settlement conference).

[6] ECF No. 115 (motion for leave to amend).

[7] ECF No. 118 (motion for reconsideration).

[8] ECF No. 60 at 2 (discovery scheduling order).

[9] LR 26-4.

year and five months ago.[10]  Because Warren hasn't demonstrated that his failure to timely move for leave to amend is the product of excusable neglect, his motion for leave to amend is denied.

**B.      Cardoza hasn't shown that my summary-judgment order was clearly erroneous.**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[11]  A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[12]  Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[13]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[14]

Previously, I determined that Warren was entitled to summary judgment on the liability element of his claim that Cardoza violated his copyright by selling his works in eBook format. Cardoza argues that this determination was clearly erroneous because Warren hadn't discharged his burden to demonstrate the absence of triable issues about two key facts: (1) Cardoza wasn't licensed to publish Warren's works in eBook format and (2) Cardoza published Warren's works in eBook format.  I begin with the second fact.

---

[10] ECF No. 60 at 2 (discovery closed on January 16, 2018).

[11] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[12] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[13] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[14] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Among his undisputed material facts, Warren stated that Cardoza caused his "Copyrighted Works [to be] made and published into eBooks" without his consent.[15]  To demonstrate that the fact of eBook publication cannot be genuinely disputed, Warren pointed to Cardoza's response to an interrogatory request and a paragraph from Avery's affidavit that defendants filed to support their dismissal motion.[16]  Warren's interrogatory asked Cardoza to "[i]dentify and describe in detail the titles under which all reprints, new editions, electronic books, and translations [that Cardoza] published for any book authored by Warren."[17]  Cardoza responded that "[d]efendants have knowledge of the following titles[,]" and then listed titles for six of Warren's works.[18]  Cardoza argues that this response establishes nothing and I cannot infer from it that Cardoza published any of Warren's works in eBook format.  But I don't have to infer to reach that conclusion because Cardoza didn't object to the request as compound, nor did it clarify in its response that it didn't publish any of the titles that it listed in eBook format.

Warren also relied on Avery's declaration that "[t]he only business Cardoza Publishing does with Amazon is to offer digital files to Amazon.  If an Amazon customer purchases an 'e-book' from Amazon, Cardoza Publishing will be paid a percentage of the sales proceeds."[19]  Avery offered this testimony to demonstrate why Warren's allegation that Cardoza sells his works to Amazon is "inaccurate."[20]  Cardoza argues that this evidence establishes nothing.  But

---

[15] ECF No. 70 at 7, ¶ 19 (citing ECF No. 25 at ¶ 19 and ECF No. 70-2 at 33, Interrogatory No. 2 and the Response).

[16] *Id.* (citing ECF No. 25 at ¶ 19 and ECF No. 70-2 at 33, Interrogatory No. 2 and the Response).

[17] ECF No. 70-2 at 33.

[18] *Id.*

[19] ECF No. 25 at 4, ¶ 19.

[20] *Id.*

Avery's testimony, when read in conjunction with the allegations to which it pertains,[21] is that Warren is wrong to allege that Cardoza sells paperback or hardcover formats of his works via Amazon; rather, according to Avery, Cardoza publishes only the eBook format of Warren's works through Amazon's platform.

In responding to Warren's summary-judgment motion, Cardoza didn't argue that Warren's proffered evidence failed to establish the absence of a genuine dispute about the fact that it published his works in eBook format. Nor did Cardoza deny that it had published his works in eBook format. Rather, Cardoza's opening salvo on the merits of this claim was to argue that Warren "fails to disclose to the [c]ourt that he has been paid[ ] and received a royalty for all books (including eBooks) that have been sold."[22] Thus, Cardoza has failed to show that I clearly erred when I determined that there wasn't a triable issue about the fact that Cardoza had published Warren's works in eBook format.[23]

Cardoza also argues that my summary-judgment determination was clearly erroneous because I should have found the contracts to be ambiguous as to whether they included eBook format and left their interpretation to the jury. This is a rehash of Cardoza's summary-judgment response, in which it argued that Warren "knows full well that 'eBooks' are considered in the industry and between the parties . . . as 'special editions'" and the parties' contracts require Cardoza it to pay Warren royalties "on sales of a special edition at a reduced price . . . or on sales of the regular edition at reduced prices for special use."[24] But Cardoza didn't proffer any

---

[21] ECF No. 1 at ¶¶ 7, 26.

[22] ECF No. 79 at 11.

[23] Cardoza also argues that Warren's evidence didn't show actual sales figures or which of his works Cardoza published in eBook format. These issues go more toward damages than liability, so they are better left to the jury.

[24] ECF No. 79 at 11.

evidence to support its theory that it is commonly understood in the publishing industry and between Cardoza and Warren that eBook format is considered a special edition. So, I determined that Cardoza hadn't raised a triable issue of fact that the contracts are ambiguous.

Cardoza now offers a new declaration from Avery, who testified that "[t]he term 'special edition' is used to cover **all** additional forms of publication, existing or not yet existing, in print, in electronic form, in audio form, or in any non-specified form."[25] Avery also testified that this clause is meant "to cover all forms of publishing not specifically addressed elsewhere in the contract or in any other agreement."[26] Avery testified that he acquired this understanding through "industry experience" and "knowledge at the time the contracts were entered" and how this term is "used in the publishing industry."[27] Avery's new declaration is based on his personal knowledge and is legally relevant, but it does not create a triable issue of fact because it is self-serving and he offers "only conclusions and not facts that would be admissible evidence" on this issue.[28] Regardless, even with this new evidence, I am not persuaded that the contracts are ambiguous about whether they include publishing in eBook format.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Warren's motion for leave to amend **[ECF No. 115]** and Cardoza's motion for reconsideration **[ECF No. 118] are DENIED.** This case will proceed to trial in the ordinary course. The court will resolve Warren's motion in

---

[25] ECF No. 118-1 at 2, ¶ 5.

[26] *Id.*

[27] *Id.* at ¶ 6.

[28] *C.f. Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015) (explaining that "a self-serving declaration does not always create a genuine issue of material fact for summary judgment: [t]he district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence").

limine **[ECF No. 131]** at calendar call, which is scheduled for 1:30 p.m. on September 30, 2019, or at its earliest opportunity thereafter.

_____
U.S. District Judge Jennifer A. Dorsey
September 26, 2019