# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Warren,<br><br>　　　　Plaintiff<br><br>v.<br><br>Cardoza Publishing Company, et al.,<br><br>　　　　Defendants | Case No.: 2:17-cv-01100-JAD-EJY<br><br>**Findings of Fact, Conclusions of Law, and<br>　Judgment Following Bench Trial** |

  Kenneth Warren sued the publisher of his books, asserting a host of claims centering on allegations that Cardoza Publishing Company and its owner, Avery Cardoza (collectively, Cardoza), continued to publish Warren's books after he terminated the publication contracts between the parties, published electronic versions of his books (eBooks) without his permission, and failed to pay royalties owed for several years.  After a three-day bench trial, I resolved all of Warren's claims except one: his copyright-infringement claim, which alleged that Cardoza exceeded the scope of the license that Warren granted in the parties' publication contracts by publishing his works as eBooks.[1]  The parties are familiar with the facts, so I will not repeat them here except where necessary to resolve Warren's remaining claim.

## Discussion

  The resolution of Warren's copyright-infringement claim is complicated by the fact that I granted partial summary judgment on Cardoza's liability for infringement.[2]  I did so because Warren argued that the publishing contracts did not expressly consider eBooks and Cardoza had presented no evidence to support its argument that it is industry practice to consider eBooks

---

[1] My findings and conclusions on Warren's other claims were made on the record, and I do not repeat them here.

[2] ECF No. 95.

"special editions," which were permitted under the contracts.  Cardoza's weak response on whether eBooks were considered in the license failed to show a dispute of material fact on the question and overcome summary judgment.[3]  But I have the ability to "reconsider, rescind, or modify an interlocutory order" at any time before judgment is entered if there is sufficient cause to do so.[4]  The evidence at trial showed that granting partial summary judgment in Warren's favor on this claim was error, so I rescind my previous order to the extent that it granted partial summary judgment on the liability portion of Warren's copyright-infringement claim.  Based on the evidence presented at trial, Cardoza did not exceed the scope of the license in the contracts by publishing Warren's books as eBooks.

The scope of the license that Warren granted Cardoza was quite broad.  The contracts gave Cardoza the exclusive right to publish, sell, and license Warren's works in English and all other languages.[5]  A separate provision granted Cardoza the exclusive right to publish "special" or "subsidiary" editions.  Avery Cardoza testified that, based on his nearly forty years of experience in the publishing industry, eBooks fall into this category because they aren't "traditional" printed editions of the book.  Cardoza testified that the regular editions of a book are the printed hardback or paperback copies, while "special" or "subsidiary" editions are anything outside of the original printed version.  This includes special book-club copies and copies in other media, like eBooks and audio books.  Warren's argument at summary judgment

---

[3] *See Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002).

[4] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

[5] Warren's infringement claim is not expressly premised on the publication of foreign-language editions of his books, but to the extent that it is, this clause forecloses that argument.  The plain language of the license permits publication in foreign languages and grants Cardoza the exclusive right to publish in foreign languages.

was that the contract only granted a license to publish hardbacks and paperbacks, but the face of the contract belies that assertion. The *royalties* provision may only mention hardbacks and paperbacks, but the *license* is more broad, granting Cardoza the exclusive right to produce Warren's work, with no limitation on the medium. While Warren testified that it was his belief that the advent of eBooks created a new right that was his alone, he presented no legal citation or evidence to support that subjective belief. And even if eBooks were a new right, Warren would not have been able to make and distribute eBook versions of his works because, under the contract, that right was exclusively Cardoza's.

Because the license that Warren granted Cardoza did not limit the medium and authorized "special" and "subsidiary" editions, Cardoza did not exceed the scope of the license by publishing Warren's books as eBooks. I therefore find in favor of Cardoza on Warren's copyright-infringement claim.

## Conclusion

Based on these findings of fact and conclusions of law, as well as the findings of fact and conclusions of law I made on the record, and with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **judgment is entered in favor of the defendants and against the plaintiff.** The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: September 10, 2020

_____
U.S. District Judge Jennifer A. Dorsey